UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HOUSE OF BRANDS KJ PTY LTD., )<br>       Plaintiff, )<br>)<br>v. )<br>)<br>ALEX AND ANI, LLC ALEX AND ANI )<br>SOUTH SEAS, LLC; and OMAR AJAJ, )<br>individually, )<br>       Defendants, ) | Case. No. 1:18-cv-00494-WES-LDA |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION FOR A PREJUDGMENT WRIT OF ATTACHMENT**

Now comes Defendant Alex and Ani, LLC ("Alex and Ani" or "Defendant"), and objects to the Motion for a Prejudgment Writ of Attachment of House of Brands KJ PTY LTD. ("HOB" or "Plaintiff"). In support of its Objection, Alex and Ani relies on all papers, briefs, and pleadings filed in this matter, as well as the Affidavit of Andrea Ruda, Alex and Ani's Acting Chief Financial Officer.[1]

**INTRODUCTION:**

Plaintiff is not entitled to a prejudgment writ of attachment of Alex and Ani's assets, as it cannot demonstrate a likelihood of recovering a judgment in the amount it seeks to attach. HOB contends that it should be awarded the full price it paid Alex and Ani for product it returned or, according to HOB, $2,012,512.92. The contract clearly states, however, that in the event of a termination of the contract under Section 10.4, and a return of product to Alex and Ani by HOB, HOB is to be paid the price Alex and Ani paid for the product from its manufacturer – not what HOB paid for the product from Alex and Ani. Additionally, the quantity of the product returned is also in dispute.

---

[1] See Exhibit A.

Moreover, Plaintiff does not have a need for security, as Defendant's average monthly revenue is Fifteen Million Dollars ($15,000,000.00), Defendant has resolved its dispute with Bank of America, N.A., and has separately agreed to a new debt structure with a syndicate of lenders for which Bank of America, N.A., is the administrative agent. Therefore, Defendant could easily satisfy a judgment against it in the amount that Plaintiff seeks to attach. (*See* Ex. A ¶ 4.)

Finally, any attachment secured by Plaintiff would be futile due to the fact that the syndicate of lenders, with Bank of America, N.A. as its administrative agent, already has a first lien on **all** of Defendant's assets. (*See* Ex. A ¶ 5.). Such an attachment would, however, be an event of default under Alex and Ani's agreement with its bank and would therefore be needlessly harmful to Alex and Ani, an important Rhode Island company and benefactor.

## FACTS:

Alex and Ani largely does not dispute HOB's recitation of the facts. HOB is an Australian-based trading house based in Australia, New Zealand, and Fiji (the "Territory"). In November 2015, HOB and Alex and Ani entered into a Supply and License Agreement (the "Agreement") whereby HOB agreed to purchase Alex and Ani's jewelry products for resale, distribution, and promotion in the Territory. The Agreement provided that HOB could terminate the Agreement if HOB determined that Alex and Ani's business was not viable in the Territory. The Agreement also provided that in the event of such termination, Alex and Ani would purchase back HOB's remaining inventory. The Agreement states that the price Alex and Ani would have to pay to purchase the product back from HOB was Alex and Ani's cost for the product (not HOB's cost for the product), but HOB contends that this was a typographical error, apparently by its own attorneys.

In any event, after a year and a half of distributing and promoting Alex and Ani's products in the Territory, HOB sent Alex and Ani a written Notice of Termination which provided Alex and Ani nine-months' notice of House of Brands' intent to terminate the Agreement. Thereafter, House of Brands shipped some Alex and Ani product back to Alex and Ani, the quantity of which is disputed. On March 26, 2018, Alex and Ani confirmed that it received a shipment from House of Brands. At some point thereafter, communication stopped between the parties and HOB filed the present action.

## LAW:

In order to prevail on a Motion for a Pre-Judgment Writ of Attachment, the moving party must make two evidentiary showings: (1) the moving party has a likelihood of success on the merits on each element of their substantive causes of action, and (2) there is a need for furnishing the plaintiff security in the amount sought for satisfaction of a judgment, together with interest and cost. *See* R.I. Super. Civ. P. 4(m)(3).

Courts traditionally have viewed attachment statutes as being in derogation of the common law and, therefore, subject to strict construction by courts. *Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 469 (R.I. 1993). Further, courts have refused to allow issuance of writs of attachment in cases where the extent of damages cannot be reduced to a sum that is certain prior to the return of a bench decision or a jury verdict. *Id*.

## ARGUMENT:

**I. Defendant's Motion for Prejudgment Attachment Should Be Denied Because HOB Cannot Conclusively Demonstrate That It is Entitled to $2,012,512.92, As the Plain Language of The Contract Dictates Otherwise.**

HOB seeks a prejudgment writ of attachment on all of Defendant's assets to the amount of $2,012,512.92, the cost HOB paid Alex and Ani for the product that it says it returned. HOB

asserts in its Motion that it is "undisputed" that Alex and Ani was required to purchase returned products at the price which HOB paid for the products. This is a misrepresentation to the court, as this is certainly disputed. As a plain reading of the contract, and specifically Section 10.4, demonstrates, the price Alex and Ani was required to pay for returned product was Alex and Ani's cost – not HOB's. Section 10.4(i) of the contract between the parties states the product will be valued at *Alex and Ani's* cost for the product.[2] At the 30(b)(6) deposition of HOB, the deponent suggested that the plain language of the agreement in 10.4(i) must have been a typographical error.

    Courts should refuse to allow issuance of writs of attachment in cases where the extent of damages cannot be reduced to a sum that is certain prior to the return of a bench decision or a jury verdict. *See Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 466 (R.I. 1993). By the same reasoning, this Court should not grant Plaintiff's instant motion because a finder of fact will need to determine whether the contract between the parties means what it actually says, or whether it contains a typographical error as the Plaintiff suggests (assuming extrinsic evidence will even be allowed in to support this claim).

    HOB asserts in its motion there are conflicting provisions in the agreement - 10.4(i) and 10.6. Alex and Ani contends that these provisions are not, in fact, conflicting. Regardless, HOB admits in its motion that the parties terminated the agreement under Section 10.4.[3] It cannot deny this fact because this is expressly stated by HOB in its termination letter. Therefore, Section 10.4 governs the termination of the agreement.[4]

---

[2] See Exhibit B. at *18 (The contract between the parties).
[3] See Exhibit C (House of Brand's Termination Letter).
[4] See Exhibit B at *18 (The contract between the parties).

It is well-settled in contract law that specific provisions govern over generalized provisions. Moreover, Section 10.6 of the agreement has no application to HOB's termination of the agreement, and the return of the product following termination. Importantly, the language at issue in 10.4 was drafted by Plaintiff's attorneys, and any interpretation of this language should be construed against the drafter.[5]

Plaintiff attempts to rely on deposition testimony over the plain language of the contract. First, it claims that HOB's 30(b)(6) deponent testified that the contract's clear language was the result of a "mutual mistake." However, HOB's 30(b)(6) deponent did not, in fact, use the legal term "mutual mistake," although HOB's is clearly hoping to make this legal argument and bring in extrinsic evidence of course of dealing. What HOB's 30(b)(6) deponent did say was that she believed the contract contained a "typographical error" which she described as "a complete oversight that I hadn't seen," and she acknowledged that it appeared that her attorney drafted the provision in question.

Plaintiff also attempts to rely on the testimony of Alex and Ani's 30(b)(6) deponent. However, when HOB's counsel asked Alex and Ani's 30(b)(6) deponent, Kate Robinson ("Ms. Robinson"), about Section 10.4's meaning, Plaintiff's counsel used the terms "licensor" and "licensee"[6]. Ms. Richard is a lay person and could have easily been confused by the legal language used by Plaintiff's counsel. However, in any event, Ms. Robinson's testimony cannot eviscerate the plain meaning of the agreement between the parties.[7]

In order to qualify for a writ of attachment, a moving party must demonstrate that the damages are susceptible of estimation and determination under the ordinary and well-understood

---

[5] See Exhibit D (Excerpt of HOB's 30(b)(6) Deposition Transcript).
[6] See Exhibit E (Alex and Ani 's 30(b)(6) Deposition at *72.)
[7] See Exhibit D (Excerpt of HOB's 30(b)(6) Deposition Transcript)

commercial and business rules which apply to contracts. *See Martin v. Lincoln Bar, Inc.*, 622 A.2d 464, 466 (R.I. 1993); *see also United States v. J. Tirocchi & Sons, Inc.*, 180 F.Supp. 645, 650 (D.R.I. 1960). Because the value of the writ for which Plaintiff moves is not currently susceptible of determination due to the dispute regarding the plain language of the agreement, and the quantity of the product returned, Plaintiff's Motion should be denied.

### II. Plaintiff Has No Need for Security in This Matter, as Defendant Can Easily Satisfy a Judgment of the Value that Plaintiff Seeks to Attach.

A motion for writ of attachment "shall be granted only upon a showing . . . that there is a need for furnishing the plaintiff security in the amount sought for satisfaction of . . . judgment." R.I. Super. Ct. R. Civ. P. 4(m)(3). In this case, Plaintiff cites an unrelated complaint that Defendant filed in the United States District Court for the Southern District of New York. (Pl.'s Mot. 3–4.) However, that dispute has since been resolved confidentially and out of court.[8]

Regardless of the financial issues referenced in Defendant's New York filing, the reality is Defendant's average monthly revenue is $15,000,000.[9] Further, Defendant has now resolved its lawsuit against Bank of America, N.A., and has separately agreed to a new debt structure with the syndicate of lenders for which Bank of America, N.A., is the administrative agent.[10] Importantly, Defendant did not file for bankruptcy, or any other form of debt relief, and has sufficient cashflow from its monthly revenue to satisfy an approximately $2 Million Dollar judgment, per the attached Affidavit of Alex and Ani's Acting Chief Fiancial Officer.[11] This leaves Plaintiff no need for security.

---

[8] See Exhibit F (JCK Article).
[9] See Exhibit A.
[10] See Exhibit A.
[11] See Exhibit A.

### IV. Attachment of Alex and Ani's Property Would Be Futile.

It would be futile for the Court to grant Plaintiff's Motion for Prejudgment Attachment, because a syndicate of lenders unrelated to Plaintiff whose administrative agent is Bank of America, N.A. already has a first lien on all of Defendant's assets. (*See* Ex. A ¶ 5.) Because the syndicate has a first lien, if Alex and Ani were to become insolvent, the syndicate would be able to claim its security interest, and the attachment Plaintiff seeks would be rendered worthless.

WHEREFORE, Defendant Alex and Ani respectfully requests that this Honorable Court DENY Plaintiff's Motion for Prejudgment Attachment.

DATED:  August 30, 2019

Respectfully Submitted,

ALEX AND ANI, LLC,

By its Attorneys,

By: /s/ Sally P. McDonald
Sally P. McDonald (#8265)
GERAGOS & GERAGOS, APC
159 Weybosset St., 3rd Floor
Providence, RI. 029
sally@geragos.com
(401) 465-3557

### CERTIFICATE OF SERVICE

I certify that on August 30, 2019, I filed and served this document through the electronic filing system on opposing counsel of record. *The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System*. I also sent a courtesy copy by email to Joseph Piorkowski, Esq. (joseph.piorkowski@nortonrosefulbright.com).

/s/ Sally P. McDonald