## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HOUSE OF BRANDS KJ PTY LTD., | |
| *Plaintiff*, | |
| v. | Case No.: 1:18-cv-00494-WES-LDA |
| ALEX AND ANI, LLC, ALEX AND ANI SOUTH SEAS, LLC; and OMAR AJAJ, individually, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME

Defendants' bare-bones Motion[1] asks this Court to blow open long-closed doors to allow still more discovery without citing any legitimate basis to do so. Their request comes almost two years after this case was filed, six months after fact discovery closed, and three months after their expert disclosure deadline expired. Indeed, Defendants waited to file this Motion until after the parties filed their Pretrial Memoranda—a final step before trial. Characteristically, this requested extension is par for the course that Defendants have followed throughout this case, one which has featured their consistent failure to diligently seek and respond to discovery. This of course has had the intended and predictable effect of unnecessarily prolonging the resolution of this case, all while causing great and avoidable expense to Plaintiff House of Brands KJ Pty Ltd. ("House of Brands").

To support their request for such extraordinary relief, Defendants simply point to unspecified and undisclosed "software issues"—which they claim are confidential—and to the recent pandemic restrictions as the basis for their failure to timely conduct expert discovery over the last several months. ECF No. 44 at 1. Yet the pandemic restrictions of which Defendants

---

[1] Defendants' Motion for Extension of Time (ECF No. 44) is referred to herein as the "Motion."

complain did not begin in Rhode Island until *after* Defendants' expert designation deadline had passed without any compliance on their part or any attempt by them to seek more time to comply. Such untimely (and predictable) excuses fall woefully short of the First Circuit's excusable neglect standard.[2]  And given that House of Brands has nearly completed the preparation of its case-in-chief in anticipation of a trial in which it will bear the burden of proof, Defendants' proffered excuses do not warrant the significant prejudice House of Brands would endure should the Court extend Defendants' expert discovery deadlines at this late juncture.  House of Brands therefore respectfully requests that this Court deny Defendants' Motion with prejudice.

## I.   BACKGROUND

Alex and Ani has dragged out this case, which began with very few disputed issues, into unnecessarily costly litigation that has lasted almost two years.  The crux of this dispute involves Alex and Ani's failure to pay for roughly $2 million of inventory that House of Brands had purchased from and then returned to Alex and Ani for reimbursement of its purchase price for the goods, as per the parties' agreement.  Despite Alex and Ani's obligations under the parties' contract and its specific representations that it would do so, Alex and Ani has failed to pay anything for the goods that House of Brands returned.  It is undisputed in this case that Alex and Ani not only accepted the inventory that House of Brands has tendered back to it, but also then subsequently resold it to third parties for a double-profit.   Yet Alex and Ani has stubbornly failed to pay House of Brands even one dime for the returned and resold inventory.  In discovery, Alex

---

[2] The Court's General Orders and other notices regarding continuity of operations during the Coronavirus pandemic have not impacted the deadlines in the Pretrial Order; to the contrary, the Court's communications have stressed that the Court is "100% operational."  *E.g.*, United States District Court, District of Rhode Island, Public Notice The Federal Court Remains 100% Operational, (Mar. 17, 2020), available at https://www.rid.uscourts.gov/sites/rid/files/courtisoperational3.17.20.pdf.

and Ani's corporate representative ***literally*** admitted that it had breached its contract with House of Brands and thus was required to compensate House of Brands for all returned inventory at the price that House of Bands had paid for these goods.  And Defendant Omar Ajaj (the Alex and Ani official who was in charge of this relationship) testified that, by stiffing House of Brands for the price it had paid for the goods, Alex and Ani has treated House of Brands unfairly.

Alex and Ani has nonetheless grasped for any and all excuses not to reimburse House of Brands for monies that it clearly owes under the parties' contract, and instead has needlessly dragged the case on by consistently failing to provide sufficient responses to House of Brands' discovery requests, by not being diligent in seeking its own discovery, and by repeatedly requesting extensions of discovery deadlines.

In June 2019, the Court extended the parties' fact discovery deadline by two months (until September 5, 2019) to accommodate a Court-ordered mediation in mid-July.  Despite Alex and Ani's clear admissions of liability during prior depositions, and House of Brands' Australia-based corporate representative's lengthy travel to attend the mediation in Rhode Island, Alex and Ani's conduct at the mediation forced House of Brands to conclude that Defendants had no interest in settling.

In late-August, after failing to diligently pursue discovery for over three months, Defendants filed a motion for an extension of the discovery deadline.  ECF No. 27.  House of Brands outlined Defendants' consistent lack of diligence in its opposition to Defendants' motion. ECF No. 28.  Although the Court granted Defendants' motion for an extension to complete discovery, the Order stated that "***no further extensions of this deadline will be granted***."  August 26, 2019 Text Order (emphasis added).

In early-December 2019, House of Brands filed a motion to amend the Court's Standard Pretrial Order to provide for expert disclosure deadlines, as the Standard Pretrial Order contemplated a transition directly from fact discovery to dispositive motions.  ECF No. 39.  The Court granted House of Brands' motion and set the following deadlines:

- Fact Discovery to close by November 22, 2019;

- House of Brands' Expert Disclosures due January 27, 2020;

- Defendants' Expert Disclosures due February 27, 2020;

- Expert Discovery to close by March 27, 2020; and

- Pretrial Memorandums due by April 27, 2020.

In compliance with its designation deadline, House of Brands served Defendants with its expert designation and an accompanying expert report on January 27, 2020.  Defendants failed to serve an expert disclosure by February 27, 2020, and never communicated to House of Brands or to the Court that they were attempting to retain an expert (much less that they were experiencing "major and confidential software issues" that were preventing them from doing so).  Defendants also elected not to depose House of Brands' expert during the pendency of expert discovery.

Following the close of expert discovery, and in compliance with the Court's scheduling order, House of Brands filed its Pretrial Memorandum (ECF No. 42) on April 27, 2020.  Ignoring the court-ordered deadline for them to do so, Defendants tardily filed their Pretrial Memorandum (ECF No. 43) on May 14, 2020, over two weeks past the Court's deadline.

House of Brands' counsel then submitted a letter to the Court requesting a conference within the next thirty days to develop a plan to resolve all remaining pretrial issues in preparation for the anticipated trial.  Among other things stated in the letter, House of Brands' counsel noted House of Brands' cash flow and liquidity issues, as well as the financial toll that this ongoing case

has had on House of Brands.   The **_very next day_**, Defendants filed their two-page Motion requesting that this Court reopen expert discovery and grant Defendants an extension of time for their expert disclosures and expert discovery.   House of Brands strongly opposes Defendants' Motion and implores this Court to recognize the Motion for what it truly is—a dilatory tactic entirely without merit.

## II.    LEGAL STANDARD

A pretrial scheduling order "may be modified only for good cause and with the judge's consent."   Fed. R. Civ. P. 16(b)(4).   The good cause standard focuses on both the conduct of the moving party and the prejudice, if any, to the nonmovant.   _Miceli v. JetBlue Airways Corp._, 914 F.3d 73, 86 (1st Cir. 2019).   "However, when a party lets a deadline pass before making the motion to extend, it must establish '**_excusable neglect_**' to obtain relief."   _Providence Piers, LLC v. SMM New England, Inc._, No. 12-532S, 2015 U.S. Dist. LEXIS 188055, at *16 (D.R.I. 2015) (citing FED. R. CIV. P. 6(b)(1) and _Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc._, 730 F.3d 23, 26 (1st Cir. 2013)) (emphasis added).

Excusable neglect is a more stringent standard than that of good cause, as it requires a showing of "inadvertence, mistake, or carelessness, as well as…intervening circumstances beyond the party's control."   _Id._ (citations omitted).   When determining whether excusable neglect exists, courts consider the following factors:   (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith.   _Pioneer Inv. Co. v. Brunswick Assocs._, 507 U.S. 380, 395 (1993).   "[A]mong the factors enumerated in _Pioneer_, by far the most critical is the asserted reason for the mistake." _Dimmitt v. Ockenfels_, 407 F.3d 21, 24 (1st Cir. 2005).   "A lawyer's inattention or carelessness, without more, normally does not constitute excusable neglect, nor does failure to consult or to

abide by an unambiguous court procedural rule." *Providence Piers*, 2015 U.S. Dist. LEXIS 188055, at *16.

## III.    ARGUMENT & AUTHORITIES

Defendants' untimely Motion should be denied because they have not demonstrated that their failure to comply with the Court's expert discovery deadlines was due to excusable neglect.

### A.    <u>House of Brands will be prejudiced if expert discovery is reopened.</u>

House of Brands will be significantly prejudiced if this Court grants Defendants' Motion and reopens expert discovery at this late stage of litigation.  The First Circuit has held that a motion to modify a scheduling order is prejudicial if it requires "a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy[.]" *Steir v. Girl Scouts of USA*, 383 F.3d 7, 12 (1st Cir. 2004); *see also Stonkus v. Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003) (denying a plaintiff's motion to extend an expired scheduling order deadline because it would only serve to hamper the defendant's "interest in certainty and resolution and to further diminish witnesses' memories concerning the events surrounding [plaintiff's] claims," thereby inflicting prejudice).

Reopening discovery at this late stage of litigation would significantly prejudice House of Brands for several reasons.  First, the parties have already filed their Pretrial Memoranda (ECF Nos. 42 & 43) laying out the discrete issues to be decided at trial, and House of Brands has already largely completed its preparations for trial.  Blowing open the door to unlimited expert discovery at this stage will require House of Brands—which bears the burden of proof at trial—to rework its case strategy and trial tactics on the eve of trial, merely because Defendants elected not to comply with the Court's deadlines.

Second, reopening discovery will add substantial costs to this litigation, including additional legal and expert expenses related to depositions, *Daubert* briefing, and the cost of

reworking House of Brands' trial strategy.  This is especially burdensome given that House of Brands' cash flow and liquidity have been greatly impacted by the COVID-19 pandemic, as Plaintiff's counsel explained to the Court in his letter dated May 20, 2020 (a true copy of which is attached to this opposition memorandum).

Third, reopening discovery would significantly delay the trial.  Due to House of Brands' financial stress in these unprecedented times, House of Brands has already asked this Court to specially set this case for trial "as quickly as possible."  To that end, House of Brands requested that the Court schedule a conference to resolve all remaining pretrial issues in anticipation of trial. But if Defendants are permitted to engage in expert discovery through the end of July, as their Motion requests, the trial and the requested conference will not only be significantly delayed, but it also will further exacerbate House of Brands' financial strain.  Indeed, if expert discovery closes at the end of July and House of Brands files *Daubert* motions, the Court may not rule on the admissibility of Defendants' expert testimony for months, which could unnecessarily delay the trial into 2021.

**B.      Defendants' reasons for their delay are insufficient.**

Defendants' alleged reasons for their delay do not rise to the level of excusable neglect, and instead appear to be a guise to conceal Defense counsel's inattention and/or carelessness regarding the deadlines in this case.  *See Providence Piers*, 2015 U.S. Dist. LEXIS 188055, at *16 ("A lawyer's inattention or carelessness, without more, normally does not constitute excusable neglect[.]"); *see also Dimmitt*, 407 F.3d at 24 (finding that movant's reason for the mistake is the most critical factor in determining whether there is excusable neglect).

Defendants claim they have waited until ***three months after*** expiration of their February 27 deadline for expert disclosures to seek an extension because they had "major and confidential software issues and [were] therefore unable to access many electronic files" back in February and

March of this year.  ECF No. 44 at 1.  Even assuming that Alex and Ani did in fact experience these alleged "confidential software issues" for months, and assuming that those software issues somehow prevented Defense counsel's ability to timely find an expert witness—both of which are highly doubtful under the circumstances—Defendants ***never once*** raised such issues to either House of Brands or to the Court until now.  No amount of alleged "confidential[ity]" surrounding Defendants' claimed software issues should have prohibited Defendants from timely seeking an extension when the issues arose, as opposed to doing so three months later after the parties have fully briefed the Court on all issues to be decided at trial.  *See, e.g.*, *Providence Piers*, 2015 U.S. Dist. LEXIS 188055, at *23 (holding that where the problem related to retaining experts was known prior to the expert disclosure deadline, "it cannot excuse the failure to make a timely motion to extend").

Defendants also claim that "the recent pandemic and ensuing state of emergency and various Executive Orders beginning in March have severely prohibited the Defendant's [sic] ability to proceed with obtaining an expert."  ECF No. 44 at 1.  Although House of Brands acknowledges the significant effects that the COVID-19 pandemic has had on all of us, Defendants should not be permitted to rely on this pandemic as a crutch for their blatant disregard for the Court's deadlines in this lawsuit.  Not only was Rhode Island's Executive Order providing stay-at-home restrictions not issued until March 28, 2020,[3] more than one month after Defendants' deadline to designate an expert, the order did nothing to negate Defendants' ability to retain an expert.[4]  Indeed, even subject to Rhode Island's stay-at-home order, Defense counsel had every

---

[3] *See* STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS, *Executive Order 20-13*, https://governor.ri.gov/documents/orders/Executive-Order-20-13.pdf (March 28, 2020).

[4] Defendants argument that they were "severely prohibited" by the "state of emergency" is similarly meritless.  Rhode Island did not declare a state of emergency until March 9, 2020—eleven days after Defendants' expert disclosure deadline had already expired.

opportunity to communicate with multitudes of potential experts, either telephonically, by videoconference, or through email, all of which are appropriate means to retain a credible expert regardless of the pandemic.

In short, Defendants' untimely excuses do not sufficiently explain why they could not comply with their February 27 expert disclosure deadline. Given these insufficient reasons for delay, the Court should heavily weigh this factor in favor of House of Brands and deny the Motion. *Dimmitt*, 407 F.3d at 24.

**C.    Defendants do not bring this Motion in good faith.**

From the inception of this case, Defendants have been committed to delaying their inevitable payment to House of Brands and prolonging this matter as long as possible. Defendants' Motion is no exception. For example, Defendants' dilatory tactics in this matter include the following:

- After accepting roughly $2 million of inventory from House of Brands, and subsequently reselling the inventory to other retailers, Alex and Ani wholly failed to pay House of Brands for the inventory—despite specific representations and obligations under the parties' agreement to do so. Defendants ignored all of House of Brands' multiple requests for payment, forcing House of Brands to file a lawsuit to recoup the monies owed.

- Despite conclusive evidence demonstrating that Defendant Omar Ajaj, Alex and Ani's VP of International Business Development, was authorized to make two critical representations to House of Brands on behalf of Alex and Ani, Alex and Ani refused to admit such facts in response to House of Brands' First Set of Requests for Admission. House of Brands was therefore forced to incur significant legal fees and expenses by, among other things, drafting additional written discovery, reviewing and analyzing documents, and preparing for and taking depositions on the topics of Ajaj's scope of employment and authorization—all of which confirmed that he was indeed authorized to make the admissions in question.

- After Defendants represented to House of Brands that they wanted to mediate, House of Brands incurred significant expenses flying both its Australia-based corporate officer and its Texas counsel to Rhode Island for a mediation. At the mediation, Defendants conducted themselves in a manner that demonstrated they had no interest whatsoever in settling the case.

- After failing to diligently pursue discovery, Alex and Ani moved to extend the deadline for fact discovery two weeks before it closed.  ECF No. 27.  Alex and Ani's alleged reason for doing so was that it needed more time to conduct "numerous additional depositions" of House of Brands witnesses.  Yet Defendants only deposed *one* witness after filing their motion.

- On numerous occasions, Defendants have agreed to produce responsive materials by certain dates, yet they have repeatedly missed those deadlines by days, weeks, and even months, thereby forcing House of Brands to request informal conferences with the Court on multiple occasions (e.g., the outstanding discovery referenced in House of Brands' letter to the Court dated May 20, 2020).

Defendants' Motion is yet another obstructionist maneuver to delay the trial of this lawsuit.  Though House of Brands can understand Defendants' hesitation to begin a trial in which Defendants will have to admit to the jury that it breached the contract at issue,[5] Defendants cannot be permitted to delay the inevitable.  Defendants waited until three months after their deadline for expert disclosures to seek an extension of their expert discovery deadline based on issues that were never before raised to House of Brands, let alone to the Court.  If Defendants were truly diligent in attempting to comply with the Court's scheduling order, but were stymied by "major and confidential software issues" in the month of February, Defendants would have and should have reached out to House of Brands to request an extension at that time.  But they did not.  Instead, Defendants filed this Motion *one day* after House of Brands requested a pretrial conference with the Court to discuss all remaining pretrial issues—a request that mentioned House of Brands' financial struggles and the significant toll this ongoing litigation has placed on the company.

Defendants therefore have no basis to assert that they acted diligently and in good faith to comply with the Court's scheduling order.  Rather, it is clear that Defendants' Motion is mere gamesmanship to further prolong this case and the inevitable judgment requiring payment for the returned inventory from which Defendants have already repeatedly profited at House of Brands'

---

[5] *See* ECF No. 26 at 10 (Robinson Dep. 167:17–20).

expense.  "Viewed through the lens of equity, the relief sought by this [M]otion to extend appears to amount to the kind of maneuvering that is far from the good faith that is needed to support a finding of excusable neglect."  *Providence Piers*, 2015 U.S. Dist. LEXIS 188055, at *27–28.

It is evident that Defendants' Motion is merely an obvious attempt to avoid the consequences of Federal Rule of Civil Procedure 37(c)(1), which requires that, at a minimum, the party who fails to timely disclose an expert witness "is not allowed to use that…witness to supply evidence on a motion, at a hearing, or at a trial[.]"  Under Rule 37, the baseline sanction is preclusion, *Providence Piers*, 2015 U.S. Dist. LEXIS 174489, at *15, although the Court may also impose other sanctions, such as requiring the defaulting party to pay the other party's related expenses, including attorney's fees, and/or informing the jury of the party's failure.  Fed. R. Civ. P. 37(c)(1).  Thus, to the extent the Court elects to grant Defendants' Motion and re-opens expert discovery, House of Brands respectfully requests that Defendants be required to pay for House of Brands' expenses, including attorney's fees, incurred in relation to any additional expert discovery—including all costs and expenses associated with any briefing on the reasonableness of such expenses incurred by House of Brands, and any briefing on *Daubert* motions filed by any party.[6]

---

[6] Although House of Brands requests reimbursement for expenses should the Court grant Defendants' Motion, such reimbursement will not resolve the significant prejudice that House of Brands has and continues to experience as a result of Defendants' tactics of unnecessarily prolonging this lawsuit.  For over two years, Defendants have withheld roughly $2 million owed to House of Brands for returned inventory.  This is a significant outstanding balance for a small company like House of Brands, which continues to incur mounting interest and loan expenses as a result.  Thus, House of Brands maintains that the proper remedy to avoid unfairly prejudicing House of Brands at this late stage of litigation is for the Court to deny Defendants' Motion and decline to re-open discovery.

## IV.   CONCLUSION

For the foregoing reasons, House of Brands respectfully requests that this Court deny Defendants' Motion for Extension of Time with prejudice.


Dated:  June 2, 2020

<div style="margin-left:40%">

Respectfully submitted,

*/s/ Robert G. Flanders, Jr.*
Robert G. Flanders, Jr. (#1785)
Timothy K. Baldwin (#7889)
Whelan, Corrente, Flanders, Kinder & Siket LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel:  (401) 270-4500
Fax: (401) 270-3760
RFlanders@whelancorrente.com
TBaldwin@whelancorrente.com

Richard S. Krumholz
(admitted *pro hac vice*)
Joseph D. Piorkowski
(admitted *pro hac vice*)
Norton Rose Fulbright US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel: (214) 855-8000
Fax: (214) 855-8200
richard.krumholz@nortonrosefulbright.com
joseph.piorkowski@nortonrosefulbright.com

**Counsel for House of Brands Pty Ltd.**

</div>

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on June 2, 2020, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                          */s/ Robert G. Flanders, Jr.*
                          Robert G. Flanders, Jr.

WC48092