UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| HOUSE OF BRANDS KJ PTY LTD., Plaintiff, | | |
| v. | | Case. No. 1:18-cv-00494-WES-LDA |
| ALEX AND ANI, LLC; ALEX AND ANI SOUTH SEAS, LLC; and OMAR AJAJ, individually, Defendants. | | |

**PLAINTIFF'S MOTION TO PRECLUDE TESTIMONY OF MARK GERAGOS**

Although this case has been pending for two years, Defendants Alex and Ani, LLC, Alex and Ani South Seas, LLC, and Omar Ajaj (collectively, "Defendants") for the first time *three weeks before trial* identified Mark Geragos ("Geragos")—managing partner at one of the law firms representing Defendants—as a witness they may call to testify at trial. Defendants never disclosed Geragos as a person with relevant knowledge or information in their initial disclosures under Federal Rule of Civil Procedure 26(a), or in response to interrogatories from Plaintiff House of Brands KJ PTY Ltd. ("House of Brands"). Defendants' complete failure to timely disclose Geragos as required under the Federal Rules of Civil Procedure was neither substantially justified nor harmless. House of Brands therefore moves to preclude the testimony of Geragos and respectfully requests that this Court exclude him as a witness at trial.

**I.
FACTUAL BACKGROUND**

House of Brands filed this lawsuit in September 2018.[1] At the start of this litigation, Defendants' counsel of record was Sally McDonald of the law firm Geragos & Geragos, PC.

---

[1] *See* Complaint [Dkt. 1].

In January 2019, Defendants served their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a), which did not list Geragos (the managing partner of Geragos & Geragos, PC) as an individual likely to have discoverable information that Defendants may use to support their claims or defenses.[2]

Months later, Defendants served their response to House of Brands' interrogatory seeking the identification of "every Person and/or Representative known to [Defendants] who may have knowledge and/or information relating to the allegations in the Complaint," which again did not identify Geragos as a person with relevant knowledge or information.[3] Defendants similarly did not identify Geragos as a person with knowledge when Defendants served an amended response to House of Brands' interrogatory two months later.[4] Geragos also was never mentioned in any of the depositions in this case, including the depositions of Alex and Ani's corporate representatives, as a person with relevant knowledge or information.

In October 2019, Ms. McDonald withdrew her appearance as counsel of record for Defendants. [Dkt. 35] Shortly thereafter, Richard Humphrey filed an Entry of Appearance as counsel for Defendants in which he represented that he works for "the Law Offices of Richard S. Humphrey and on behalf of Geragos & Geragos, APC [sic]." [Dkt. 36]

On August 21, 2020—three weeks before the start of trial—in response to House of Brands' request that Defendants confirm Alex and Ani's corporate representative's availability to testify at trial, Defendants for the first time disclosed that it may call Geragos as a witness at trial. Defendants subsequently did not respond to House of Brands' request for an explanation of their

---

[2] *See* Alex and Ani, LLC's Initial Disclosures Pursuant to FRCP 26(a)(1), a true and correct copy of which is attached hereto as Exhibit A.
[3] *See* Defendants' Amended Response to Plaintiff's First Set of Interrogatories at Interrogatory No. 2, a true and correct copy of which is attached hereto as Exhibit B.
[4] *See id.*

basis for calling Geragos as a witness.  Defendants nonetheless included Geragos on their witness list for trial filed on September 2, 2020.  [Dkt. 50]

Trial in this matter is scheduled to begin on September 14, 2020.

## II.
## ARGUMENT

**A.     This Court should preclude Geragos' testimony because he was untimely disclosed as a witness.**

Federal Rule of Civil Procedure 26 requires a party to disclose the name of each individual "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses."  FED. R. CIV. P. 26(a).  This obligation is a continuing one.  *See* FED. R. CIV. P. 26(e).  Rule 26(e) imposes a duty on the party to supplement or correct its initial disclosures or interrogatory answers "in a timely manner . . . if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  *Providence Piers, LLC v. SMM New England, Inc.*, No. 12-532S, 2015 WL 9699939, at *3 (D.R.I. Oct. 1, 2015).

Rule 37(c) authorizes the court to impose sanctions for a party's failure to comply with the disclosure obligations set forth by Rules 26(a) and (e).  *See* FED. R. CIV. P. 37(c). The default sanction for such a failure is mandatory preclusion of the untimely disclosed witness on a motion, at a hearing, or at trial.  *Id.* (quoting *Pena-Crespo v. P.R.*, 408 F.3d 10, 13 (1st Cir. 2005) ("[E]xclusion of evidence is a standard sanction for a violation of the duty of disclosure under Rule 26(a)."); *see also Grajales-Romero v. Am. Airlines, Inc.*, 194 F.3d 288, 297 (1st Cir. 1999) ("Rule 37(c)(1) provides an exclusionary sanction for failures to disclose witnesses as required by [Rule 26].").

Preclusion of the untimely disclosed witness may be mitigated only if the failure to disclose was substantially justified or harmless.  *Providence Piers,* 2015 WL 9699939, at *3.  Untimely

disclosure "is not justified if the party knew of the existence of the witness or of the need for the [witness], including of the potential that the witness would be important" but waited to procure him. *Id.* at *4 (citing *Harriman v. Hancock Cty.*, 627 F.3d 22, 29–31 (1st Cir. 2010) (untimely disclosure of fact witnesses resulted in preclusion where the litigant's late disclosure looked "less like an oversight and more like a tactic")). In terms of harmlessness, if the untimely disclosure leaves the opposing party without time to investigate, take depositions, or procure the opinions it would need to rebut the untimely evidence except through additional expense and derailment of the scheduling order, it is not harmless. *Id.*

Defendants failed to timely disclose Geragos as a person likely to have discoverable information pursuant to Rule 26. They did not initially identify Geragos in their Rule 26(a) disclosures,[5] and for the two years that this case has been ongoing, they have failed to supplement their initial disclosures to identify Geragos. Defendants also failed to identify Geragos in response to House of Brands' interrogatory that sought identification of "every Person and/or Representative known to [Defendants] who may have knowledge and/or information relating to the allegations in the Complaint." Defendants served their response on March 6, 2019,[6] and their amended response on May 17, 2010,[7] both of which did not identify Geragos. Indeed, Plaintiff was not privy to Geragos' role as a potential witness until ***three weeks before trial*** when Defendants casually noted in an email that they may call Geragos at trial.

Defendants' untimely disclosure of Geragos is not substantially justified because Defendants clearly knew of Geragos' existence and the importance of the knowledge he may or may not have much earlier than three weeks before trial, yet deliberately waited to disclose him to

---

[5] *See* Exhibit A.
[6] *See* Exhibit B.
[7] *See id.*

House of Brands.  *See Harriman*, 627 F.3d at 29–31.  Geragos is the managing partner of the law firm that initially represented—and seemingly still represents—Defendants in this lawsuit.  As a result, this failure to disclose Geragos is "less [of] an oversight and more [of] a tactic."  *See id.*

Defendants' untimely disclosure of Geragos is also not harmless.  This eleventh-hour disclosure leaves House of Brands with no time to investigate what (if any) knowledge Geragos has related to the claims or defenses in the case, including taking Geragos' deposition.  House of Brands is also deprived of the ability to identify rebuttal witnesses for Geragos' testimony, except through additional significant expense and the derailment of the current trial setting, which is set to begin on September 14th.  Yet there is no good cause or reason that this trial should be continued so that House of Brands can obtain necessary discovery related to Geragos as a result of Defendants' untimely disclosure, as such a continuance would significantly prejudice House of Brands.

Because Defendants' untimely disclosure of Geragos is neither substantially justified nor harmless, Geragos should be precluded from testifying at trial, as this is the warranted sanction when a party ignores its obligations under the Federal Rules of Civil Procedure as Defendants have done here.  *See* FED. R. CIV. P. 37(c)(1); *see also Pena-Crespo*, 408 F.3d at 13.

### III.
### CONCLUSION

For these reasons, the Court should grant House of Brands' Motion to Preclude the Testimony of Mark Geragos.

Respectfully submitted,

/s/ *Robert G. Flanders, Jr.*
Robert G. Flanders, Jr. (#1785)
Timothy K. Baldwin (#7889)
Whelan Corrente & Flanders LLP
100 Westminster Street, Suite 710
Providence, RI 02903
Tel: (401) 270-4500
Fax: (401) 270-3760
RFlanders@whelancorrente.com
TBaldwin@whelancorrente.com

Richard S. Krumholz
(admitted pro hac vice)
Joseph D. Piorkowski
(admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201
Tel: (214) 855-8000
Fax: (214) 855-8200
richard.krumholz@nortonrosefulbright.com
joseph.piorkowski@nortonrosefulbright.com

**Counsel for Plaintiff House of Brands KJ PTY Ltd.**

Dated: September 4, 2020

### CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Robert G. Flanders, Jr.*
Robert G. Flanders, Jr.

WC50582