# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| HOUSE OF BRANDS KJ PTY LTD.,<br>      Plaintiff,<br><br>v.<br><br>ALEX AND ANI, LLC; ALEX AND ANI<br>SOUTH SEAS, LLC; and OMAR AJAJ,<br>individually,<br>      Defendants. | Case. No. 1:18-cv-00494-WES-LDA |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S
### MOTION TO PRECLUDE TESTIMONY OF MARK GERAGOS

**NOW COME**, the Defendants' Alex and Ani, LLC, Alex and Ani South Seas, LLC and Omar Ajaj ("the Defendants") and hereby object to the Plaintiff's House of Brands KJ PTY LTD ("House of Brands") Motion to Preclude Testimony of Mark Geragos.

### *Brief Background*

This case stems from actions occurring in 2015 and through 2017/18.  Since that time, the majority of Alex and Ani employees, with knowledge of the facts, are no longer employees of Alex and Ani.  There are few people left in the company with the institutional memory of events occurring during that time.  Contributing to this lack of corporate memory was the COVID -19 pandemic and technological issues, which have limited Alex and Ani's ability to access current employees as well as documents served during the discovery phase of this case.

HOB identified members of the Alex and Ani legal team in their initial disclosures and failed to depose any of them.  Specifically, HOB named Nicole Ventura and Jason Marino, both of whom worked under Mark Geragos and who are no longer employed by

1

Alex and Ani. HOB further named Suzanne Turcotte, who was at the time general counsel and the Chief Administrative Officer of Alex and Ani and failed to request her deposition. HOB was fully aware that Mr. Geragos was corporate counsel for Alex and Ani and specifically chose not to depose him or any other members of the legal team.

Mr. Geragos was not initially disclosed in the discovery process because he is Alex and Ani's corporate counsel. During the trial preparation, it became clear that the employees identified during discovery as Alex and Ani's legal team were no longer available to testify on behalf of Alex and Ani because they are no longer employed by the company. Mr. Geragos may be the only person remaining that can testify on behalf of Alex and Ani, to the events, which occurred when HOB terminated their business.

### *Discussion*

A party may be allowed to admit testimony of a witness, which was not previously disclosed if the omission was substantially justified or harmless. *See* Fed. R. Civ. P. R. 37(c)(1). Harmless actions include the inadvertent omission from disclosure of the name of a potential witness known to all parties or the failure to list as a trial witness a person so listed by another party. *See* Notes of Advisory Committee on rules-1993 Amendment.

Here, the Defendants' did not disclose Mr. Geragos as a witness as he served as corporate counsel for Alex and Ani and was known to all parties. Now, extenuating circumstances, beyond the control of Alex and Ani, have led to a lack of corporate memory and lack of knowledgeable witnesses to testify on behalf of Alex and Ani. Therefore, Alex and Ani has chosen Mr. Geragos to testify as their only available option with knowledge of the some of the circumstances surrounding this case, particularly the circumstances occurring when HOB terminated the Agreement. It is the Defendants'

belief that Mr. Geragos can testify to events he has personal knowledge of without waiving the attorney/client privilege.

HOB was well aware of Mr. Geragos' role as corporate counsel at the time the Agreement was terminated. Alex and Ani's legal team was disclosed by HOB as potential witnesses during the discovery process.  HOB could have requested to take Mr. Geragos' deposition at any time.  Any harm caused to HOB by Alex and Ani's "late disclosure" could have been avoided by HOB as they had actual knowledge of Mr. Geragos' existence.

For the reasons discussed above, Mr. Geragos should be allowed to testify at trial on behalf of Alex and Ani.

Respectfully Submitted,

/s/ Richard S. Humphrey_____
Richard S. Humphrey, Esq. RI #2920
The Law Offices of Richard S. Humphrey
3852 Main Road
Tiverton, RI 02878
(401) 624-6152
staff@richardhumphreylaw.com

**CERTIFICATE OF SERVICE**

I certify that a copy of this document filed through the ECF system will be sent electronically by the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 10, 2020.

/s/ Allyson M. Quay